**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| PHILLIP A. WALSH and NAOMI WALSH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N15C-08-206 ASB |
| WARREN PUMPS, LLC. | ) ) | |
| Defendants. | ) ) ) ) | |

November 29, 2017

*Upon Warren Pump's*
*Motion for Summary Judgment*
**GRANTED**.

Plaintiffs Phillip A. Walsh and Naomi Walsh (collectively "Plaintiffs") filed an action against numerous defendants including Defendant Warren Pumps, LLC ("Defendant") alleging that Mr. Walsh contracted mesothelioma as a result of his alleged exposure to asbestos-containing products. Defendant filed a motion for summary judgment. Plaintiffs allege that Phillip Walsh ("Mr. Walsh") developed mesothelioma as a result of exposure to asbestos while serving in the United States Navy as a "machinist" from 1975 to 1977. Mr. Walsh performed similar work in engine rooms on both the USS *Halsey* and USS *Bigelow*. Mr. Walsh was responsible for maintaining equipment, and he believes he was exposed to asbestos from

replacing packing and flange gaskets. Mr. Walsh testified that some pumps and valves were insulated and he removed and applied insulation to the equipment when making repairs. Mr. Walsh was the only product identification witness offered by Plaintiffs in this case. He could not testify about the maintenance history regarding the equipment on the ships, but he recalled Defendant as a manufacturer of pumps on the USS *Halsey* and USS *Bigelow*. Mr. Walsh replaced pumps on the ships and stated that he would have to pull insulation off the pumps, remove the old gaskets, put new packing in, and new gaskets on. Mr. Walsh believed that the parts contained asbestos because it was "common knowledge," and on the kits he used. With regard to the packing he stated that "depending on the pump, if it was Gould or, you know, Warren or some of the names that I mentioned before, it would have been those."

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show that he was exposed to the defendant's product and "the product was a substantial factor in causing the injury he suffered."[1] When viewing the record in a light most favorable to Plaintiffs, Plaintiffs have not established that the facts support any permissible inference that Mr. Walsh was exposed to asbestos-containing components parts for which was a substantial factor in causing Mr. Walsh's injuries. Mr. Walsh was the only product identification witness in this case.

---

[1] *Lindstrom v. A–C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir.2005) (citations omitted).

Plaintiffs use Mr. Walsh's general testimony about the replacement parts as evidence that Mr. Walsh worked with asbestos products manufactured by Defendant. However, Mr. Walsh could not identify a specific pump manufactured by Warren, how often he worked with Warren pumps, or the maintenance history of the Warren pumps aboard the ships. Because Plaintiffs bear the burden of proof at trial, Defendant is entitled to judgment as a matter of law.[2]  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[2] *See Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.).